O'CONNOR v. NATIONAL ICE CO. OF NEW YORK.

(*Superior Court of New York City, General Term.*   January 7, 1889.)

1. ESTOPPEL—IN PAIS—SUIT AGAINST ANOTHER FOR SAME INJURY.
    The fact that one injured by being run down by a vehicle brought an action against a corporation, swearing that its vehicle caused the injury, does not estop him from maintaining an action against another corporation for the same injury, his explanation that he, at the time of bringing the action, believed he was suing the proper party, and his statement of how he learned of his error, and why he dismissed the action, being for the consideration of the jury.

2. WITNESS—CREDIBILITY—IMPEACHMENT—ATTEMPT TO SUBORN TESTIMONY.
    Testimony tending to show that the plaintiff offered a witness a sum of money to swear that the accident was caused by the corporation first sued, together with

plaintiff's denial and explanation, should be left to the jury to determine the amount of weight to give to plaintiff's evidence, and it is not error to refuse to charge that, if he made the offer, the plaintiff is unworthy of belief.

3. SAME—EXAMINATION—WITNESS CALLED BY COURT.
It is not error for the court, *ex mero motu*, to call a witness and examine him, over the objections of counsel, when the opposing counsel accept him as their witness and conclude his examination.

4. APPEAL—REVIEW—OBJECTIONS WAIVED.
In such case, remarks of the court to the counsel relative to the examination of such witness thought to be prejudicial to the objector's case should be made the basis of a motion for a new trial, or they cannot be taken advantage of on appeal.

5. DAMAGES—PLEADING—SPECIAL DAMAGE.
Under a general allegation of damage sustained by such an accident the plaintiff can recover for loss of profits in his business resulting therefrom, though not specially alleged.

Appeal from jury term.

John P. O'Connor brought this action against the National Ice Company of New York for injuries alleged to have been sustained by the alleged negligence of defendant's servant. In November, 1884, plaintiff, who was a milk dealer, was driving his wagon in the city, when it was struck from behind by an ice-wagon approaching at a trot. His wagon was overturned and broken, and he was severely injured. Believing that it was a wagon of the Knickerbocker Ice Company that caused the accident, he brought suit against that company, which he afterwards discontinued. He explained this by saying that he was informed that it was a Knickerbocker wagon, and was not apprised of his error until after he brought the suit. He could not reafl, and was compelled to rely on information of others. He admitted that he had sworn before that it was a Knickerbocker wagon, and that he had sworn that it was driven by one Johnson, whom he knew by sight. He had also sworn to the color of the wagon in the former suit. Pending the examination of the plaintiff, Johnson, who was in court, was asked to stand up, and he was identified by plaintiff. When asked why he told that Johnson drove the wagon, the trial judge interrupted by saying that the cause was easily found out, and directed defendant's counsel to ask Johnson if he drove the wagon that caused the accident. Defendant's counsel refused to do so, and the court caused Johnson to be sworn, and, over the objection of defendant's counsel, asked him if he drove the wagon. Thereupon plaintiff's counsel said he would accept Johnson as his witness. Johnson stated that he drove a Knickerbocker wagon but did not see plaintiff, or drive the wagon that caused the accident, on that day. One Conway, a witness for plaintiff, testified that he was on an ice-wagon of the defendant with the driver when it ran against plaintiff's wagon and caused the injury. He also stated that in the suit against the Knickerbocker Company he had been summoned as a witness for defendant. When the accident occurred, plaintiff asked him to get the number of the wagon. Witness stated that he told plaintiff before he brought his first action that it was one of defendant's wagons, but plaintiff did not believe him. Witness said, further, that plaintiff offered him $100 to swear that it was a Knickerbocker wagon that caused the injury. The plaintiff stated that Conway never told him that it was defendant's wagon that struck him until after the first action was brought, and he denied offering the $100, as stated by Conway, but admitted that when Conway told him he was suing the wrong company, and that it was the defendant's wagon that caused the injury, he told Conway if he would go to plaintiff's lawyer and explain it he would give him $100 for his expenses and trouble. The court refused to charge that if plaintiff made the offer he was unworthy of belief, but informed the jury that they might consider Conway's statement as bearing on plaintiff's credibility. The complaint did not allege specially as items of damage resulting from the injury that plaintiff had been forced to neglect and give up his business, and that he had thereby lost customers on his milk route, and thus diminishing

his profits; but the court permitted evidence tending to prove those facts, and instructed the jury that they might consider them in estimating plaintiff's damages if they found for him. Verdict and judgment for plaintiff for $2,500, and defendant appeals.

Argued before SEDGWICK, C. J., and FREEDMAN and INGRAHAM, JJ.

*Childs & Hull, (Edward D. McCarthy,* of counsel,) for appellant. *Alex. Thain,* for respondent.

PER CURIAM. The action is for personal injuries. The fact that the plaintiff, prior to the commencement of this action, had brought a suit (which was afterwards discontinued) against the Knickerbocker Ice Company for the same injuries did not stop him from bringing an action against the defendant. At the trial he explained how he came to do it, and, in view of the explanations given, the evidence concerning his conduct in the institution, prosecution, and discontinuance of that suit, was matter for the jury.

So the testimony concerning an offer of $100, made by the plaintiff to the witness Conway, was properly left to the jury, together with plaintiff's explanation concerning the same, to be considered by them in determining how much weight they would give to plaintiff's testimony.

The point raised by the defendant as to the calling of the witness Johnson by the trial judge presents no ground for reversal. The witness was immediately accepted by the plaintiff as his witness. If, as now claimed, the circumstances under which this was done, and especially the remarks which passed between the trial judge and the counsel for the defendant at the time, tended to prejudice the defendant's case with the jury, the defendant, upon proof of the fact, and a case regularly made and settled, should have moved at special term for a new trial as matter of discretion. This was not done. No relief will be granted on a mere general exception. The rulings of the trial judge on the question of damages, taken together, disclose no error under the decision of *Ehrgott* v. *Mayor,* 96 N. Y. 264. The instructions given to the jury upon this point sufficiently guarded the rights of the defendant. The case, as a whole, discloses no ground for reversal. It was a case for the jury. It was fully and properly submitted to them; and no sufficient reason appears why their verdict should be disturbed. The judgment and order should be affirmed, with costs.